JUSTICE COTTER
dissents.
¶ 20 I dissent. Harville did not address on appeal the District Court’s reasoning that the two jurors’ stated beliefs were consistent with those held by society in general (see ¶ 12); rather, he contended, on the basis of our well-recognized jurisprudence in Richeson and other cases, that the jurors expressed such a bias against his defense that they could not serve as fair and impartial jurors. Nonetheless, the Court has seen fit to fault Harville for failing to refute this aspect of the District Court’s reasoning, and in the process has implicitly endorsed the rationale of the District Court that if a challenged juror’s *387 belief is commonly held, it does not justify dismissal for bias. There is no authority for this conclusion; in fact, it flies in the face of our jurisprudence.
¶ 21 As the Court notes at the outset of its discussion, the time-honored query in determining the suitability of a juror is whether voir dire has raised a serious question about a prospective juror’s ability to be fair and impartial. If a serious question exists, then dismissal for cause is favored. SeeRieheson and Freshment as addressed in ¶¶ 9 and 13 of the Court’s Opinion. The question has never been-until, arguably, today-whether the juror’s beliefs, partial or not, are consistent with those held by society in general. Indeed, such a litmus test makes no sense. Presumably, every rational juror believes that assault, or theft, or murder is wrong. The point is not whether one believes such crimes to be wrong, the point is whether one’s adamancy in this regard will color his or her judgment to the point that such person cannot with impartiality weigh the evidence against the accused. I fear this basic tenet will be lost on the reader of this Opinion, however, in light of our conclusion that Harville has failed to establish that the District Court erred in reasoning that these jurors were acceptable because they held beliefs consistent with those held by society as a whole. See ¶¶ 12 and 17.
¶ 22 We have today elevated to a position of serious consideration in the juror selection process the question of whether a juror’s bias might be excused simply because it is one commonly held by society. This has never been our test and it is surely not the law. We have erred-and invite further error in the future-by doing so. I strongly dissent.